### No. 524

#### ADKINS v. STATE

No. 19070. Supreme Court
On motion to file petition in error. Dock. April 13, 1925; 3 Abs. 249. Motion to file petition in error overruled, April 24, 1925; 3 Abs. 279.

1231. VENUE—Would change of, be proper under circumstances of, jury which has formed opinions, and bitter feeling of hatred against accused in community?

This case originated in the Scioto Common Pleas wherein Jason Adkins was convicted of murder in the first degree and sentenced to be electrocuted May 1, 1925. Error was prosecuted and the Court of Appeals affirmed the judgment of the Common Pleas. The case was taken to the Supreme Court on a motion to file a petition in error, and in which the following, in part, was alleged:

Jason Adkins and one, Lenzy Traylor, were charged with the alleged killing of Edward Funk, while attempting to perpetrate a robbery on October 21, 1924. When the cause came on for trial Adkins filed his motion for a change of venue which was overruled. It was alleged that of the 87 persons named in the venire who were examined, 31 were passed as qualified jurors of the court. Three were challenged peremptorily by the state and 16 by Adkins leaving 12 persons passed by the court as jurors.

It was contended that articles printed in the newspapers were responsible for a bitter feeling of hatred towards the accused, the feeling intensified by the trial of Traylor, who had been convicted prior to Adkin's trial and who was an accomplice. It was claimed that some of the jurors had formed opinions as to what the verdict should be, that there had been discussions in which the jurors took part previous to being impanelled, that some jurors were members of a lodge that offered a reward for the apprehension of persons killing Ed. Funk, that confession of Traylor and Adkins had been read by most of the jury. These and many more grounds for change of venue were given, it being asserted that an impartial trial according to law could not be had. It was urged that the court took no cognizance of 11438 GC., which in substance is:

"The validity of such challenge shall be determined by the court, and shall be sustained, if the court has any doubt as to the juror being entirely unbiased." The foregoing condition it was claimed would warrant a change of venue.

Several of the errors assigned were:
1. Court of Appeals erred in affirming the

## STATE COURT OF APPEALS—Continued

Common Pleas in overruling motion of Adkins made before trial began, to grant him a change of venue from Scioto County, to some other county in Ohio, as is authorized by law.

2. Court of Appeals erred in affirming Common Pleas in overruling challenge for cause of Adkins to persons summoned and examined as jurors and accepted by the Court.

3. Error in permitting and accepting, over objection of Adkins, persons to sit as jurors who had formed, expressed and then had a opinion as to the guilt of the accused, and the punishment that should be inflicted.

4. Court of Appeals erred in affirming the Common Pleas in failing to instruct the jury as to all the issues in the case, and in its refusal to give special instructions as requested by the accused in writing.

Attorneys—Blair & Blair, for Adkins; S. A. Skelton, Pros. Atty., for State; all of Portsmouth.